## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **MARY PECKLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 10-4129-JWL** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the Commissioner's evaluation of the treating source opinion, the court ORDERS that the decision is REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings.

**I.      Background**

Plaintiff applied for both DIB and SSI.  (R. 13, 133-40).[1]  The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge (ALJ).  (R. 13, 59-62, 74-75).  Plaintiff's request was granted, and Plaintiff appeared with counsel for a hearing before ALJ Michael R. Dayton on December 15, 2009.  (R. 13, 27-58).  At the hearing, testimony was taken from Plaintiff and from a vocational expert.  (R. 13, 28).  On March 29, 2010 ALJ Dayton issued his decision finding that Plaintiff is not disabled within the meaning of the Act, and denying her applications.  Plaintiff sought Appeals Council review of the ALJ's decision, but was denied.  (R. 1-9).  Therefore, the ALJ's decision is the final decision of the Commissioner.  (R. 1);  Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006).  Plaintiff now seeks judicial review of that decision.  (Doc. 1).

## II.    Legal Standard

---

[1]To the extent the date of Plaintiff's applications, or her alleged date of onset, are relevant or necessary to a determination of disability in this case, those dates must be determined by the Commissioner on remand.  Plaintiff alleges she applied for DIB and SSI on October 29, 2007 (Pl. Br. 1), and that she alleged disability beginning on March 15, 2006.  (Pl. Br. 2).  The Commissioner argues that Plaintiff alleged disability onset of April 1, 2007 in her DIB application, and that she applied for SSI on October 23, 2007 alleging an onset date of March 15, 2006.  (Comm'r Br. 2, n.1).  The ALJ stated that Plaintiff applied for DIB on October 23, 2007 and for SSI on October 27, 2007, and that she alleged an onset date of April 1, 2007 in both applications.  (R. 13).  The SSI application in the record is dated October 29, 2007, and alleges an onset date of March 15, 2006 (R. 133), whereas the DIB application is also dated October 29, 2007, but alleges an onset date of April 1, 2007.  (R. 136).  Moreover, the record contains a "DISCO DIB Insured Status Report" which indicates an SSI application date of "10/27/07."  (R. 143).

The court's jurisdiction and review are guided by the Act.  Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (same); Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998) (sole jurisdictional basis in social security cases is 42 U.S.C. § 405(g)).  Section 405(g) of the Act provides for review of a final decision of the Commissioner made after a hearing in which the Plaintiff was a party.  It also provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion.  Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

3

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in any substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months.  Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)); see also, Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A));  accord, Lax, 489 F.3d at 1084 (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).  The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner uses a five-step sequential process to evaluate disability.  20 C.F.R. §§ 404.1520, 416.920 (2009); Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment, and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  If claimant's impairment(s) does not meet or

4

equal a listed impairment, the Commissioner assesses claimant's residual functional capacity (hereinafter RFC).  20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five-- whether claimant can perform her past relevant work, and whether, when considering vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work.  Blea, 466 F.3d at 907; accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show jobs in the economy within Plaintiff's capability.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims error in the ALJ's consideration of the treating physician's opinion and in his consideration of the credibility of her allegations of symptoms, and she claims that substantial evidence does not support the ALJ's RFC assessment.  The Commissioner argues that substantial evidence supports the ALJ's evaluation of the treating physician's opinion, that the credibility finding was proper, and that the ALJ made a proper RFC assessment.  The court finds that the ALJ erred in considering the treating physician's medical opinion, and that the court may not decide in the first instance whether substantial evidence in the record supports the ALJ's decision to give some weight but not controlling weight to the treating physician's opinion.

5

Therefore, remand is necessary for the Commissioner to properly evaluate the treating physician's opinion.  Since evaluation of medical opinions and evaluation of the credibility of a claimant's allegation of symptoms are intertwined in a proper RFC assessment, the court will not address Plaintiff's claims regarding the credibility determination and the RFC assessment at this point, but will remand for the Commissioner to make the proper analysis.  Kilinski ex rel. Kilinski v. Astrue, No. 10-1540, 2011 WL 2938095, *3 (10th Cir. July 22, 2010) (if ALJ had properly evaluated physician's opinion regarding thumb pain, he may have found the claimant credible); see also Social Security Ruling (SSR) 96-8p, West's Soc. Sec. Reporting Serv., Rulings 149-50 (Supp. 2011) (RFC assessment must include a discussion both of the credibility of Plaintiff's allegation of symptoms and of the weight assigned to medical opinions).  Plaintiff may make arguments regarding credibility and RFC assessment to the Commissioner on remand.

## III.     Evaluation of the Treating Physician's Opinion

Plaintiff claims the ALJ stated that Dr. Parham's treating source opinion limited Plaintiff to sedentary work and is consistent with the ALJ's finding that Plaintiff is able to perform the full range of sedentary work.  (Pl. Br. 6) (quoting (R. 19)).  Plaintiff argues that Dr. Parham's opinion is not, in fact, consistent with sedentary work because he opined that Plaintiff can only sit for two to three hours in a workday and can only stand/walk for two to three hours in a workday.  Id. (citing (R. 520)).  She then points to the vocational expert testimony that no work would be available to Plaintiff based upon

Dr. Parham's opinion because the opinion provides only for six hours of work in an eight-hour workday. Id. at 6-7 (citing (R. 55)). Finally, because the full range of sedentary work requires the ability to sit about six hours in an eight-hour workday, Plaintiff assumes that the ALJ rejected Dr. Parham's opinion regarding Plaintiff's sitting limitation without providing any explanation for doing so, and argues that the lack of an explanation is legal error because the court cannot meaningfully review the ALJ's determination, and cannot provide an explanation on behalf of the ALJ. Id. at 7 (quoting Drapeau v. Massanari, 255 F.3d 1211, 1214 (10th Cir. 2001)).

In his response brief, the Commissioner provided a page-and-a-half summary of Plaintiff's treatment with Dr. Parham. (Comm'r Br. 5-6). He summarized the ALJ's evaluation of Dr. Parham's opinion, noting that the ALJ gave it some weight because it limited Plaintiff to sedentary work and that the ALJ rejected Dr. Parham's limitations on reaching and pulling. Id. at 6. He then argues that the ALJ "obviously rejected Dr. Parham's limitation on sitting" because he found that Dr. Parham's opinion was consistent with sedentary work. Id. at 6-7. Finally, the Commissioner explains how in his view the record evidence supports the ALJ's evaluation of Dr. Parham's opinion. (Comm'r Br. 7-8). Plaintiff filed a reply brief in which she argued that none of the reasons given by the Commissioner in support of the ALJ's determination were given by the ALJ, and that the ALJ gave no reason to reject Dr. Parham's opinion regarding the ability to sit. (Reply 1). Moreover, she argued that the court may not create or adopt

7

post-hoc rationalizations to support the ALJ's decision.  Id. (quoting Haga v. Astrue, 482

F.3d 1205, 1207-08 (10th Cir. 2007)).

## A.    The ALJ's Evaluation of the Medical Opinions

The ALJ's entire summary, consideration, and evaluation of the medical opinions

was contained in a single paragraph:

> As for the opinion evidence, the Medical Source Opinion of Dr. Verdon
> Parham is given some but not controlling weight.  (Exhibit 19F) [(R. 520).]
> Dr. Parham limited the claimant to sedentary work which is in keeping with
> the residual functional capacity herein, but he also gives reaching and
> pulling limitations which are not supported by the medical record.  The only
> possible upper extremity impairment is from her recent shoulder strain, and
> there is no evidence in the medical record that he expected that to last for
> anywhere near a year to meet the duration requirement.  The opinions
> expressed by the State agency physicians are in keeping with the findings
> herein.

(R. 19).

## B.    Analysis

It is clear from the quotation above that the ALJ considered Dr. Parham to be a

treating source, because only the opinion of a treating source might be given controlling

weight, 20 C.F.R. §§ 404.1527(d), 416.927(d); SSR 96-2p, West's Soc. Sec. Reporting

Serv., Rulings 111 (Supp. 2011), and the ALJ considered whether Dr. Parham's opinion

might be given controlling weight.  The ALJ found that Dr. Parham's opinion limited

Plaintiff to sedentary work, and that the opinion regarding sedentary work was consistent

with the ALJ's assessment that Plaintiff could perform the full range of sedentary work.

The ALJ rejected the reaching and pulling limitations proposed by Dr. Parham because he

found them not supported by the record evidence.  Plaintiff does not contest this finding, and the record appears to support it.

As Plaintiff argues, the ALJ found Plaintiff is able "to perform the full range of sedentary work."  (R. 17) (finding no. 5).  Moreover, the ALJ found that "Dr. Parham limited the claimant to sedentary work which is in keeping with the residual functional capacity herein."  (R. 19).  But, as Plaintiff asserts, Dr. Parham actually found that Plaintiff can sit only occasionally.  (R. 520).  And, the "Medical Source Opinion" form completed by Dr. Parham defined "occasional" as equal to two to three hours in an eight-hour workday.  (R. 520).

The regulations, however, define a sedentary job as "one which involves sitting," but acknowledge that "a certain amount of walking and standing is often necessary," and conclude that "[j]obs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."  20 C.F.R. §§ 404.1567, 416.967.  In 1983, the Social Security Administration elaborated on the activities needed to carry out the requirements of sedentary, light, and medium work, and provided a summary explanation to "be used by decisionmakers to determine if an individual has the ability to perform the full range of sedentary, light, or medium work from an exertional standpoint."  SSR 83-10, 1983-1991 West's Soc. Sec. Reporting Serv., Rulings 29 (1992).  The explanation of sedentary work states, "Since being on one's feet is required "occasionally" at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2

hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday."  Id.

Therefore, in finding that Plaintiff could perform the full range of sedentary work, the ALJ necessarily found that Plaintiff is able to sit about six hours in an eight-hour workday.  But, Dr. Parham found Plaintiff was limited to sitting only two to three hours in an eight-hour workday.  (R. 520).  Therefore, the ALJ erred in finding that Dr. Parham limited Plaintiff "to sedentary work which is in keeping with the residual functional capacity herein" (the full range of sedentary work).  (R. 19).  Plaintiff assumes the ALJ rejected Dr. Parham's sitting limitations, and argues that the ALJ erred because he gave no explanation for doing so.  (Pl. Br. 7).  The Commissioner argues that the ALJ "obviously rejected Dr. Parham's limitation on sitting" when the ALJ found that Dr. Parham's opinion limited Plaintiff to sedentary work.  (Comm'r Br. 6-7).

While both Plaintiff's assumption and the Commissioner's rationale are reasonable explanations for the ALJ's disposition of Dr. Parham's opinion, neither explanation is based upon the rationale presented by the ALJ in his decision.  The ALJ did not present a rationale for finding that Dr. Parham's opinion limited Plaintiff to the full range of sedentary work.  Rather, he presented that finding as though it is self-evident from Dr. Parham's opinion.  To the contrary, what is self-evident from Dr. Parham's opinion is that Plaintiff is unable to perform the full range of sedentary work.  According to Dr. Parham's opinion, Plaintiff can perform the lifting/carrying requirements and the standing/walking requirements of sedentary work, but she is unable to perform the sitting

10

requirements of sedentary work. It could only be obvious that the ALJ rejected Dr. Parham's sitting limitations if it were obvious that the ALJ understood the sitting limitations and found that nonetheless Plaintiff could perform the full range of sedentary work, or if the ALJ provided a reason for rejecting the sitting limitations. Neither situation is evident here.

The Drapeau case, to which Plaintiff appeals, controls in this case. In Drapeau, plaintiff's treating physician opined that plaintiff met a listing, but the ALJ did not discuss the treating physician's opinion, and found that the plaintiff did not meet a listing because a consultative physician testified that plaintiff did not meet any listing. Drapeau, 255 F.3d at 1213. The court noted that it was error to disregard a treating source opinion without providing specific, legitimate reasons for doing so. Id. The Commissioner argued that three additional nontreating physicians opined that plaintiff's impairment did not meet any listing, and that these opinions were sufficient to support the ALJ's finding. Id. 255 F.3d at 1213-14. The court rejected the Commissioner's argument, in part, because when "an ALJ does not provide an explanation for rejecting medical evidence, we cannot meaningfully review the ALJ's determination." Id. 255 F.3d at 1214 (citing Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996) (lacking ALJ findings supported by specific weighing of the evidence, the court cannot determine whether the ALJ's conclusion is adequately supported); Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (ALJ's explanation is inadequate where court is left to speculate what specific evidence led to the conclusion)).

11

Here, the court cannot determine whether the ALJ understood the full import of Dr. Parham's opinion.  Moreover, while the ALJ in this case discussed Dr. Parham's opinion, his only discussion regarding Dr. Parham's sitting limitations was the oblique finding that Dr. Parham limited Plaintiff to the full range of sedentary work.  There is no rationale given in the decision for rejecting Dr. Parham's sitting limitations.  Therefore, the court is left to speculate:  first, whether the ALJ understood that Dr. Parham's opinion limited Plaintiff to less than the full range of sedentary work; second, whether the ALJ rejected Dr. Parham's sitting limitations; and third, what is the ALJ's rationale for rejecting the sitting limitations.  In accordance with Drapeau, the court may not speculate.

The Commissioner argues that the ALJ "obviously rejected" Dr. Parham's sitting limitations, and points to evidence which in his view supports the ALJ's evaluation of Dr. Parham's opinion.  As discussed above, it is by no means obvious that the ALJ actually understood Dr. Parham's opinion to provide for less sitting than that required for the full range of sedentary work.  Beyond that, the rationale given in the Commissioner's brief in support of his view of the decision was not the rationale given in the decision, and as Plaintiff points out, the court may neither adopt nor create post-hoc rationalization to support the decision.  An ALJ's decision must be evaluated based solely upon the reasons stated in the decision.  Robinson v. Barnhart, 366 F.3d 1078, 1084-85 (10th Cir. 2004).  A decision cannot be affirmed on the basis of appellate counsel's post hoc rationalizations for agency action.  Knipe, 755 F.2d at 149 n.16.  Nor may a reviewing court create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that

12

treatment is not apparent from the Commissioner's decision.  <u>Grogan v. Barnhart</u>, 399

F.3d 1257, 1263 (10th Cir. 2005).  Because the ALJ's treatment of Dr. Parham's opinion

is not apparent from the decision, the case must be remanded for the Commissioner to

properly evaluate the opinion.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is

REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42

U.S.C. § 405(g) REMANDING the case for further proceedings.

Dated this 8th  day of September 2011, at Kansas City, Kansas.


<u>s:/ John W. Lungstrum            </u>
**John W. Lungstrum**
**United States District Judge**